## LABENELLE *v.* DECONET.

One who purchased certain lots, jointly with defendant, executing his notes with her *in solido* for the price, and who afterwards paid the notes at maturity, cannot recover from the latter her proportion of the notes so paid, where the evidence shows that defendant had been debauched by the plaintiff, and was living in concubinage with him at the time of the payment, which was made as a reparation for the injury he had done to her.

APPEAL from the First District Court of New Orleans, *Preston*, J.

*Rousseau*, *Robert* and *Collens*, for the appellant, cited C. P. 19. 10 Duranton, pp. 260, 267 *et seq.* 2 Kent's Comm. p. 467. 1 Lib. Law and Equity, p. 180. Kinne's Compend. vol. 1, p. 221, § 7, and authorities cited.

*Train*, for the defendant, cited 10 La. 204. 1 An. Rep. 121, 230, 232. 6 Mart. 695. 19 La. 235. 10 La. 167. Pothier, Oblig. vol. 2, pp. 34, 84, 123, 129, 370. 15 Sirey, part 1, p. 32. C. C. 1945-7, 1951, 2195. 20 Sirey, 1, 420. 4 Sirey, 2, 543. Dalloz, 5, 253, 248. 22 Sirey, 2, 223. 25 Sirey, 2, 136. 1 Sirey, 2, 13. 3 Maule and Selwyn, p. 463. Comyn on Contracts, p. 29. 1 Ann. Rep. 69, 177, 194.

The judgment of the court was pronounced by

ROST, J. The defendant was hired as a house servant by the plaintiff and his partner, at the rate of $12 per month. After some time, the plaintiff, abusing her dependent situation, seduced her, and she became pregnant. When

far advanced in pregnancy she ceased to receive wages, and continued for several years to live with him without any stipulated compensation, save the promise he made to her to give her some property. This occurred before 1840. In the months of July and November of that year, the plaintiff and defendant purchased jointly four suburban building lots, of small value ; a part of the price was paid in cash, and for the balance they gave their notes, *in solido.* The plaintiff took certified copies of the acts of sale, and delivered them to the defendant, representing them to her as the muniments of her title. At maturity he took up all the notes, and lived five years with the defendant afterwards, without making any claim for the sums paid, giving her and others to understand that she was the owner of one-half of the lots. The defendant mended her ways by becoming the lawful wife of another man ; and the plaintiff, immediately after, instituted this action, to recover from her the undivided half of the notes mentioned, with interest, at the rate of ten per cent per annum, since they became due. There was a judgment against him, and he has appealed.

The judgment is undoubtedly right. Had the defendant sued the plaintiff for damages when she became pregnant, she would have been entitled to recover from him a much larger sum than that which he claims, and he cannot be relieved against his voluntary payment of the price of the lots, conveyed to her by way of reparation. He wronged the woman it was his duty to protect, and courts of justice would make themselves the accomplices of his villainy, if they enabled him to commit a fraud, by taking back from her the sum he paid as the penalty of his lust. We are satisfied that the promise of the plaintiff for reparation was executed by the payment of those notes. The fact that they were given *in solido* with her, raises no contrary presumption. They were, no doubt, given in the form required by the vendors.

The plea in reconvention of the defendant, was properly disregarded.

*Judgment affirmed.*